IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY E. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>TECHLAW, INC.,<br><br>Defendant. | CV 18-84-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff Anthony Brown, appearing pro se and proceeding in forma pauperis, moves for the entry of default judgment against Defendant Techlaw, Inc. asserting it has failed to plead or otherwise defend following service of the summons and complaint upon it. But for the reasons discussed, Brown is not entitled to default judgment.

The default judgment process is a two-step procedure in that before a party can obtain a default judgment under Fed. R. Civ. P. 55(b), the party must first obtain the entry of default under Rule 55(a) against the party who has failed to plead or otherwise defend. Brown has not first obtained the entry of default against

1

Techlaw. Therefore, IT IS HEREBY RECOMMENDED that Brown's motion for the entry of default judgment be DENIED.

To the extent the Court should liberally construe Brown's motion as a motion for the entry of default under Rule 55(a), that motion is premature. Pursuant to Fed. R. Civ. P. 12(a)(1)(A)(i), a defendant may have up to 21 days after service of the summons and complaint to serve an answer or to otherwise defend. On January 10, 2019, the Clerk of Court filed the return of service documents completed by the United States Marshal. (Doc. 16.) Those documents establish the United States Marshal served Techlaw with a copy of the summons and complaint on January 7, 2019. Therefore, Techlaw has until January 28, 2019, to file an answer, or to otherwise plead or defend. Consequently, Techlaw is not in default, and the Clerk of Court is hereby directed not to enter Techlaw's default at this time.

DATED this 10th day of January, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge