

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ANTHONY E. BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>TECHLAW, INC.,<br><br>Defendant. | CV 18–84–M–DLC–KLD<br><br><br>ORDER |

On November 1, 2019 United States Magistrate Judge Kathleen L. DeSoto entered her Findings and Recommendation recommending that Defendant Techlaw, Inc.'s Motion for Summary Judgment (Doc. 33) and Motion to Strike Plaintiff Anthony E. Brown's Amended Complaint (Doc. 43) be granted. (Doc. 46.) Brown has filed objections. (Docs. 42; 47.) The Court will review de novo those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings to which no party objects. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted). Because the parties are familiar with the facts, they will not be restated here. For the reasons explained, the Court adopts the Findings and Recommendation in full.

1

## DISCUSSION

Judge DeSoto determined that Techlaw is entitled to summary judgment for two reasons: First, Brown did not produce evidence to support a prima facie case of age discrimination under the Age Discrimination in Employment Act (ADEA) because he did not produce any evidence to indicate that he was performing his job satisfactorily in 2016. (Doc. 46 at 8.) Even if this were not the case, Judge DeSoto determined that Techlaw is entitled to summary judgment because it articulated a legitimate, nondiscriminatory reason for terminating Brown (necessary staff reductions and Brown's poor performance) and Brown did not come forward with any evidence that this reason was a mere pretext to cover up Techlaw's age discrimination. (*Id.* at 9.) Judge DeSoto specifically advised Brown that his claim was evidentiarily deficient. She explained that "statements in an unsworn response brief are not evidence" and that Brown's 2013 positive performance evaluation was not sufficient to prevent summary judgment because it did not indicate that he was performing positively in 2016. (*Id.* at 8–9.)

Instead of submitting affidavits or otherwise curing the deficiencies noted by Judge DeSoto, Brown's objections continue to rehash the same arguments advanced in his response to Techlaw's motion for summary judgment. Brown objects to Judge DeSoto's assessment that he has not produced evidence to indicate that Techlaw's asserted reasons for terminating him were pretextual. (*See* Doc. 48

at 3–4.) In doing so, Brown fails to object or respond to Judge DeSoto's recommendation that summary judgment is appropriate because Brown has not put forth evidence to indicate that he was satisfactorily performing his job in 2016. Reviewing for clear error, the Court agrees that Techlaw is entitled to summary judgment on this basis alone.

Out of an abundance of caution, the Court will address Brown's remaining objections. Brown generally defends himself against Techlaw's accusations that he was selected for termination during its downsizing for performance-based reasons. (*See* Doc. 48 at 4.) In support of its motion for summary judgment, Techlaw submitted affidavits from Mark McDaniel (Brown's direct supervisor) and Nathan Delhierro (the lead operator who worked with Brown day to day) that attest to Brown's deteriorating performance in 2016. Each of these affidavits contain a myriad of performance-based reasons for Brown's termination.[1] In his objections, Brown generally argues that there is a reasonable explanation for some of the conduct that McDaniel and Delhierro found problematic. (Doc. 48 at 4.) For example, Brown asserts that Delhierro was wrong to say that Brown often failed to return his phone calls when it was unreasonable for Delhierro to call

---

[1] For example, McDaniel indicates that in 2016 he met with Brown three times to discuss his poor performance including: Brown's failure to attend weekly meetings, his hostile and disrespectful attitude towards Nathan Delhierro, his failure to address staff morale, including being verbally abusive towards staff members, failing to communicate about his schedule, and failing to deliver testing samples requiring other staff members to complete his work. (Doc. 34-1 at 4–5.) Delhierro's affidavit indicates the same problematic behavior. (Doc. 34-2 at 3–4.)

Brown at 4:30 a.m. to remind him to refresh his safety certification. (*Id.*) Brown also asserts that it was unreasonable for Delhierro to conclude that Brown neglected his responsibility to submit quarterly reports when his termination prevented him from completing his final one. (*Id.*) However, Brown's attempts to defend his conduct through unsworn testimony in his objections does not reasonably place Techlaw's evidence that he was terminated for performance-based reasons into dispute. Additionally, for the reasons explained by Judge DeSoto, Brown's disagreement with McDaniel and Delhierro's affidavits does not indicate that Techlaw's stated reasons for his termination are pretextual. (*See* Doc. 46 at 10.) Techlaw is entitled to summary judgment on this basis as well.[2]

Finally, Brown does not specifically object to Judge DeSoto's recommendation that Techlaw's Motion to Strike be granted. Therefore, the Court has reviewed for clear error and found none. As determined by Judge DeSoto, Brown's attempt to amend his complaint four months before trial is untimely and his added claims are futile because he is not protected by the Whistleblower Protection Act and because his libel claim is based on privileged communications.

---

[2] Additionally, Brown requests a hearing. A district court has discretion to deny a hearing on an objection to the Magistrate Judge's Findings and Recommendation. *See United States v. Howell*, 231 F.3d 615, 623 (9th Cir. 2000). Because this matter is straightforward, the Court denies Brown's request for a hearing.

4

IT IS ORDERED that the Findings and Recommendation (Doc. 46) is ADOPTED in full.

1. Techlaw's Motion to Strike the Amended Complaint (Doc. 43) is GRANTED.
2. Techlaw's Motion for Summary Judgment (Doc. 33) is GRANTED. Judgment shall be granted for the Defendants, Techlaw, Inc. and the clerk is instructed to close this case.

DATED this 25th day of November, 2019.

Dana L. Christensen, Chief Judge
United States District Court